■ ALICE SABIN, Appellant, v. ALBERT SABIN, Respondent.— In a separation action, in which judgment of separation was rendered on July 8, 1958, in favor of the plaintiff wife, and which directed the defendant husband: (a) to pay alimony of $50 a week for the support of her and the three infant children of the marriage, and (b) to pay the mortgage amortization and interest, taxes, water charges, heating and lighting bills on the house owned by the husband and wife as tenants by the entirety and occupied by her, she appeals from so much of an order of the Supreme Court, Nassau County, dated Novem-

ber 15, 1960, as grants her motion to modify the judgment by directing the husband to pay a certain stipulated sum each week which shall be sufficient to cover the support for her and the children and to cover the enumerated carrying charges on the house, but limits such modification to the extent of requiring the husband to pay only $80 a week for such support and carrying charges. On October 20, 1959, plaintiff moved to punish defendant for contempt for failing to make the payments required by the judgment. On October 26, 1959, defendant cross-moved to reduce the alimony. Both motions were referred to an Official Referee to hear and report. At the hearing before the Official Referee, both parties requested that a fixed sum be specified in the judgment instead of enumerating the various items which defendant was required to pay. The Official Referee reported that defendant be held in contempt, that his motion to reduce the alimony be denied, and that the judgment be modified by providing for the payment by defendant of $100 a week alimony. Special Term then granted the wife's motion to confirm the Referee's report as to the contempt and as to the husband's application to reduce the alimony, but denied her motion to confirm the report as to the recommended weekly payment of $100. The Special Term reduced such weekly payment to $80. Order modified on the facts as follows: (1) by striking out the fifth decretal paragraph which denies plaintiff's motion to confirm the Referee's report as to the weekly payment, and by substituting therefor a paragraph granting her motion to confirm as to such weekly payment; and (2) by striking out from the sixth decretal paragraph the provision modifying and amending the judgment by increasing to $80 a week the amount which the husband is required to pay for the support of the wife and the children and for the enumerated carrying charges on the house, and by substituting therefor a provision modifying and amending the judgment, particularly its fourth decretal paragraph, by increasing such amount to $100 a week. As thus modified, the order, insofar as appealed from, is affirmed, with costs to the wife. Findings of fact which may be inconsistent herewith are reversed, and new findings are made as indicated herein. The payments which the judgment originally directed the husband to make aggregated $100 a week. Since his motion to reduce such alimony payments was denied, and since he has not appealed from such determination, there is no basis for a reduction to $80 a week with respect to the payments originally directed by the judgment. Nolan, P. J., Beldock, Ughetta, Pette and Brennan, JJ., concur.